**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

NADA HASHEM-YOUNES

    Plaintiff,

v.                                                           Case No. 06-CV-15469

DANOU ENTERPRISES, INC.,
a Michigan Corporation, DANOU LLC, #1,
SAM DANOU
and BARRY WHYTE,
in their official and unofficial capacity

    Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' PETITION FOR ATTORNEY'S FEES, COSTS AND EXPENSES**

Pending before this court is a petition for attorney's fees, costs and expenses, filed by Defendants on January 28, 2008. The matter has been fully briefed and the court concludes a hearing on the motion is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant the petition in part and deny it in part.

**I. BACKGROUND**

Plaintiff Nada Hashem-Younes is a woman of Lebanese decent. (Pl.'s Compl. at ¶ 6.) Defendant Samir Danou hired Plaintiff as an administrator of the World Trade Center Detroit/Windsor Languages Institute ("WTCDW"). (Defs.' Mot. for Summ. J. at 1.) The business purpose of WTCDW is (1) to provide translation services and (2) to operate a school where individuals can learn the trade of translation. (*Id.*) During Plaintiff's employment, WTCDW was a private corporation and it never received or established any government contracts. (Defs.' Mot. for Atty's Fees at 3.)

On December 12, 2006, Plaintiff filed suit against Defendants Danou Enterprises, Inc., Sam Danou, and Barry Whyte. Plaintiff alleged that Defendants discriminated against her on the basis of race, national origin, pregnancy, gender, and religion. (Pl.'s Compl. at 2-16.) In support of her claims, Plaintiff offered several incidents as "evidence" of the discrimination she experienced, and requested relief under the Elliot Larsen Civil Rights Act, M.C.L. 37.2101, *et seq.*, Title VII of the Civil Rights Act of 1964, § 701 *et seq.*, 42 U.S.C. 2000e, *et seq.*, and 42 U.S.C. 1983. (Pl.'s Compl. at 4.) Defendants immediately requested that she dismiss her claims, but she refused. (Defs.' Mot. for Atty's Fees at 1.) WTCDW was a private corporation with no government contracts, so before filing their motion for summary judgment, Defendants –pursuant to E.D.Mich L.R. 7.1(a)– sought Plaintiff's compliance in dismissing her § 1983 claim, but Plaintiff refused until Defendants had actually drafted and served her with their motion. (*Id.*)

Defendants filed their motion for summary judgment on October 23, 2007, which the court granted on January 18, 2008. Defendants now seek attorney's fees pursuant to 42 U.S.C. § 1988, 42 U.S.C § 2000(e)-5(k) and 29 U.S.C. § 1927 and taxable costs in the amount of $3,912.60. (Defs.' Mot. for Atty's Fees.)

## II. STANDARD

Under the general American rule, unless Congress provides otherwise, parties to a litigation are to bear their own attorney's fees. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994) ("Unlike Britain where counsel fees are regularly awarded to the prevailing party, it is the general rule in this country that unless Congress provides otherwise,

2

parties are to bear their own attorney fees."). The prevailing party must point to a specific statute or other authority allowing for an award of attorney's fees. *Mencer v. Princeton Square Apartments,* 228 F.3d 631, 636 (6th Cir. 2000) (quoting *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 257 (1975)) ("[A]bsent express statutory language or an enforceable contract, litigants pay their own attorneys' fees."). Ultimately, the decision to grant attorney's fees is the within the sound discretion of the district court. *See Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983); *Tahfs v. Proctor*, 316 F.3d 584, 594 (6th Cir. 2003); *Reed v. Rhodes*, 179 F.3d 453, 469 n.2 (6th Cir. 1999).

If the court determines that fees are appropriate, the court must then arrive at a reasonable amount of fees to award. *See Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1400 (6th Cir. 1995). The "lodestar" approach is considered to be the proper method for determining the amount of reasonable attorney's fees. *Id.* at 1401 (citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563 (1986)). In making the "lodestar" calculation, "[t]he most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* (alterations in original and citation omitted). When "the applicant for a fee has carried his burden of showing that the claimed rate and number of hours are reasonable, the resulting product is *presumed* to be the reasonable fee to which counsel is entitled." *Delaware Valley,* 478 U.S. at 564 (emphasis in original) (quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984)).

## III.  DISCUSSION

Defendants seek taxable costs and attorney's fees under 42 U.S.C. § 1988, 42 U.S.C § 2000(e)-5(k), and 29 U.S.C. § 1927.

### A.  42 U.S.C. § 2000(e)-5(k) and 42 U.S.C. § 1988

Under 42 U.S.C. § 2000(e)-5(k), the district court may grant a prevailing party attorney's fees, costs, and expenses incurred in defending a Title VII claim.  42 U.S.C. § 2000(e)-5(k) provides: "In any action or proceeding under this subchapter[,] the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs . . . ." 42 U.S.C. § 2000(e)-5(k).  In *Christiansburg Garment Co. v. Village of Sebring*, 434 U.S. 412, 421-22 (1978), the United States Supreme Court, relying upon legislative history, limited the rights of prevailing defendants in Title VII cases.  The court found that a district court may award a prevailing defendant attorney's fees in a Title VII case only upon a showing that "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."  *Id.* at 421; *see also Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 182-83 (6th Cir. 1985).

The district court has the power to award attorney's fees to a prevailing party under 42 U.S.C. § 1988(b) as well.  42 U.S.C. § 1988(b) provides that in an action for attorney's fees, the court may grant "the prevailing party, other than the United States, reasonable attorney's fees as part of the costs . . . ."  42 U.S.C. § 1988(b).  The United States Supreme Court has limited the rights of prevailing defendants seeking attorney's

fees under 42 U.S.C. § 1988(b) as it did for those seeking attorney's fees under 42 U.S.C. § 2000(e)-5(k). In *Hughes v. Rowe*, 449 U.S. 5, 14 (1980), the Court held that the standard for attorney's fees under Title VII applies as well to requests for attorney's fees under § 1988. Consequently, a prevailing defendant is permitted to recover attorney's fees only if the district court finds that "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Wayne v. Village of Sebring*, 36 F.3d 517, 530 (6th Cir. 1994) (citing *Christiansburg*, 434 U.S. at 421). "Although § 1988 allows the 'prevailing party' to receive attorney's fees, courts are reluctant to award fees to defendants for fear of chilling willingness to bring legitimate civil rights claims." *Shelton v. City of Taylor*, 92 F. App'x 178, 184 (6th Cir. 2004). Furthermore, "[a]n award of attorney's fees against a losing plaintiff in a civil rights action is an *extreme* sanction, and must be limited to truly *egregious* cases of misconduct." *Jones v. Continental Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986) (emphases added).

When evaluating a prevailing defendant's right to recovery attorney's fees under 42 U.S.C. § 2000(e)-5(k) and 42 U.S.C. § 1988, the court should not consider a plaintiff's failure to prevail in its case as evidence that the plaintiff's action was frivolous, unreasonable or without foundation. *Christiansburg*, 434 U.S. at 422; *Riddle v. Egensperger,* 266 F.3d 542, 547 (6th Cir. 2001). "It is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg*, 434 U.S. at 421-22; *see also*

5

*Riddle,* 266 F.3d at 547. The Sixth Circuit has clarified that if "defects in the suit are of such magnitude that the plaintiff's ultimate failure is clearly apparent from the beginning *or at some significant point in the proceedings after which the plaintiff continues to litigate,*" then attorney's fees are appropriate. *Smith*, 754 F.2d 180, 183 (emphasis added).

Although Defendants prevailed on their motion for summary judgment, Plaintiff's claims were not all "frivolous, unreasonable or without foundation" within the context of Defendants' request for attorney's fees. While, after discovery, Plaintiff's factual bases were not legally sufficient to support her claims, the majority of her claims were not frivolous. Plaintiff was prepared at the outset to provide and did later specify several incidents she subjectively believed were indications of illegal discrimination. The court cannot say that Plaintiff brought her complaint knowing that her claims were without merit, nor that she should have become aware of lack of merit soon thereafter. Plaintiff cannot properly be penalized for pursuing what she understood, albeit incorrectly, to be a violation of her civil rights where she was able to specify (relying on inadmissable hearsay) employment-related incidents that to a layperson have at least the ring of discriminatory animus.[1]

---

[1] Indeed, the facts in this case, even as presented by the attorneys, were complex and voluminous, amounting to over seventy-five pages of facts alone between all of the summary judgment briefs. Although, once properly sifted and organized, the facts did not *legally* withstand summary judgment, the claims were not unreasonable or frivolous. Plaintiff worked in an environment with multiple nationalities and cultural backgrounds at all levels of the company. Further, she was indeed terminated shortly after announcing her pregnancy. While her facts did not legally present a colorable claim, it was not unreasonable for her or her attorney to attempt to assert claims under these circumstances.

This court does, however, find that Plaintiff's § 1983 was frivolous, unreasonable, and without foundation. From the outset, Plaintiff and her attorney knew or should have know that the § 1983 claim was without merit because Defendants were not acting under the "color of law." *See Price v. Hawaii*, 789 F. Supp 330, 333 (D. Ha. 1992) (awarding defendants attorney's fees because the plaintiff's § 1983 claim was without merit as no one was acting under the color of law). At no time during Plaintiff's employment, did WTCDW receive or establish any government contracts. (Defs.' Mot. for Atty's Fees at 3.) Because it was apparent at the outset of this case, or at least very soon thereafter, that Plaintiff's § 1983 claim lacked merit or that Plaintiff's continued pursuit of the claim was unreasonable.

Accordingly, Defendants are entitled to attorney's fees under 42 U.S.C. § 1988 for Plaintiff's failure to dismiss the § 1983 claim at an earlier date. Defendants are not, however, entitled to attorney's fees for the remainder of Plaintiff's claims under 42 U.S.C. § 2000(e)-5(k) because the court does not find that Plaintiff's basis for bringing her remaining claims were frivolous, unreasonable or without foundation.

### B. 28 U.S.C. § 1927

Defendants also argue that they are entitled to attorney's fees pursuant to 28 U.S.C. § 1927. Under § 1927, the district court is permitted to assess "costs, expenses and attorneys' fees reasonably incurred . . ." against an "attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927; *Cook v. American Steamship Co.*, 134 F.3d 771, 774 (6th Cir. 1998). A finding of bad faith is

not required. *Ridder v. City of Springfield,* 109 F.3d 288, 298 (6th Cir. 1997). Rather, "[f]ees may be assessed without a finding of bad faith, 'at least when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims.'" *Id.* (quoting *Jones v. Continental Corp.*, 789 F.2d 1225, 1230 (6th Cir.1986)).

Although the Sixth Circuit applies an objective standard, "simple inadvertence or negligence that frustrates the trial judge will not support a sanction under section 1927." *In re Ruben*, 825 F.2d 977, 984 (6th Cir. 1987). Generally, the type of conduct necessary is that in which "trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Id.* If attorney's fees are awarded, the prevailing party is only entitled to "excessive costs resulting from the violative conduct." *Ridder,* 109 F.3d at 299.

Defendants claim that they are entitled to attorney's fees under § 1927 for essentially the same reasons they cited in their request under § 2000(e)-5(k) and § 1988. Defendants rely upon the fact that this court found that "Plaintiff fell far short of alleging actionable harassment or retaliation claims, failed to even state a *prima facie* case of religious discrimination, and based her . . . discrimination claims on nothing more than her subjective belief and inadmissible hearsay allegations." (Defs.'s Reply at 3.) Defendants' request is therefore implicitly based on Plaintiff's failure to avoid summary judgment. Merely losing on summary judgment, however, is not a basis for

8

imposing fees under § 1927. The court declines to assess fees under § 1927 with respect to Plaintiff's discrimination claims.

However, as with the court's analysis under 42 U.S.C. § 2000(e)-5(k) and 42 U.S.C. § 1988, attorney's fees are proper with respect to Plaintiff's § 1983 claim. Counsel's failure to dismiss this claim prior to the filing of Defendants' summary judgment motion was unreasonable.

### C. Taxable Costs

Defendants also request that this court order that Plaintiff pay their taxable costs in the amount of $3,912.60. The taxable costs Defendants seek include: $3,729.60 in court reporter fees, $113.00 in witness fees, and $70.00 in service fees. (Defs.'s Mot. for Atty's Fees at 5.)

Under Federal Rule of Civil Procedure 54, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Pursuant to the local rules and the Bill of Costs Handbook, the recoverable costs may include witness, service and court reporter fees. E.D. Mich. LR 54.1; *Eastern District of Michigan Bill of Costs Handbook,* Section II.

Plaintiff contends that the court reporter fees are not taxable costs because the transcripts were taken for discovery purposes. (Pl.'s Resp. at 1.) Plaintiff is correct that not all court reporter fees are discoverable. Section II(B)(2)(b) of the Bill of Costs Handbook provides that "[t]ranscript[s] used primarily for trial preparation or discovery" are not taxable. *Eastern District of Michigan Bill of Costs Handbook*, Section II(B)(2)(b).

9

Section II(B)(1)(d), however, provides that court reporter fees incurred in support of a motion are taxable. *Eastern District of Michigan Bill of Costs Handbook*, Section II(B)(1)(d). Plaintiff argues that the court reporter fees were not incurred in support of a motion because Defendants did not cite the deposition of Dr. Ayouby's in their motion for summary judgment. (Pl.'s Resp. at 2.) Defendants, however, did use the deposition in support of their motion for summary judgment. Defendants specifically cited to Dr. Ayouby's deposition in their reply brief as support for the motion for summary judgment. (Defs.' Mot. for Summ. J. Reply at xxvi-xxx). Thus, the cost of Dr. Ayouby's transcript is properly recoverable.

The court also rejects Plaintiff's argument that Defendants should not recover subpoena fees for Najla Itani and Majed Younes because Plaintiff offered to voluntarily produce these individuals. These witnesses, however, are not parties and Defendants cannot be faulted for their decision to compel and therefore ensure attendance through issuance of a subpoena.

Accordingly, the taxable costs requested by Defendants in the amount of $3,912.60 are properly recoverable.

### D. Reasonableness of Fees

A reasonable hourly billing rate is generally calculated according to the prevailing market rates in the relevant community. *Blum v. Stenson,* 465 U.S. 886, 897 (1984). "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence –in addition to the attorney's own affidavits– that the requested rates are in line with those prevailing in the community for

similar services by lawyers of reasonably comparable skill, experience and reputation."
*Id.* at 896 n.11.  An attorney's fee must be "adequate to attract competent counsel, but . . . not produce windfalls to attorneys."  *Id.* (internal quotations and citations omitted).

In order to properly evaluate the reasonableness of Defendants' fee claim, the court needs additional information from Defendants.  Defendants' claim for attorney's fees is not supported by sufficiently detailed documentation.  First, Defendants provide little if any information regarding the legal staff who performed the work at issue.  The court would find helpful –and it would conform with the court's experience in numerous similar circumstances– if Defendants provided a brief description of each staff member's legal background, including years of experience in the legal field, to aid the court in determining a reasonable hourly rate for each individual who worked on this case.

Second, regarding the hours worked and activities performed, Defendants list the name of each member of its legal staff working on this matter, along with the total hours worked by each individual and a general description of the work performed by each. (*See* e.g., Ex. A at 10/2/2007) (GSF (3.80 hours) ("[r]esearch concerning motion for summary disposition").  However, the court needs additional information before it can properly evaluate the reasonableness of Defendants' fee claim.  Because the court here grants attorney's fees for the time spent defending Plaintiff's § 1983 claim, the court requires a more detailed breakdown of the hours and tasks performed.  (e.g., attorney X worked on the motion for summary judgment relating to Plaintiff's § 1983 claim for Y hours on June 5, 2007).  Each activity should correspond to the date(s) involved and the number of hours spent on that specific activity, as opposed to Defendants' present itemization, which includes only the total number of hours worked on a general category

11

of activity and does not include a breakdown of the specific activities performed.  The typical, although not required, format for presenting the necessary information is a time-log-type format, containing columns for (1) the date, (2) hours worked for each particular activity, (3) a description of the work performed and (4) the name, title and hourly rate of the individual who performed the work.

To the extent Defendants are unable to provide a further or more precise breakdown related to the § 1983 claim, the court will consider a reasonably specific good faith estimate, supported by affidavit, regarding the percentage of time of various activities devoted to the § 1983 claim.  Because the obvious futility of a § 1983 claim in these circumstances leads to a) the clear legitimacy of shifting defensive attorney fees to the Plaintiff, but also b) an observation that briefing the issues to explain such futility should present no formidable task, the court anticipates that the time spent defending Plaintiff's § 1983 claim would be a relatively smaller percentage of Defendants' overall attorney's fees in this matter.

## VI.  CONCLUSION

IT IS ORDERED that Defendant's "Motion for Attorney's Fees, Costs and Expenses" [Dkt. # 36] is GRANTED IN PART AND DENIED IN PART.  Specifically, IT IS GRANTED as to Defendants' request for attorney's fees relating to Plaintiff's § 1983 claim, and DENIED in all other respects.  Should Defendants elect to pursue their claim of attorney's fees, they are DIRECTED to submit a renewed itemization of attorney's fees and *detailed* supporting documentation in accordance with this order, within

**fourteen calendar days of the date of this order**.[2]  Should Plaintiff wish to submit

objections to Defendants' itemization of damages, she must do so withing **seven

calendar days of Defendants' submission.**


                                           S/Robert H. Cleland  
                                           ROBERT H. CLELAND  
                                           UNITED STATES DISTRICT JUDGE

Dated:  March 20, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 20, 2008, by electronic and/or ordinary mail.

                                           S/Lisa Wagner  
                                           Case Manager and Deputy Clerk  
                                           (313) 234-5522

---

[2]The parties may alternatively stipulate to a reasonable amount or percentage of attorney's fees related to the § 1983 and file a stipulation and proposed order within fourteen days of the issuance of this order.