**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

NADA HASHEM-YOUNES

    Plaintiff,

v.                                                               Case No. 06-CV-15469

DANOU ENTERPRISES, INC.,
a Michigan Corporation, DANOU LLC, #1,
SAM DANOU and BARRY WHYTE,
in their official and unofficial capacities,

    Defendants.
                                         /

**OPINION AND ORDER AWARDING ATTORNEY'S FEES**

On March 20, 2008, the court issued an opinion and order granting in part Defendants' motion for attorney's fees. Specifically, the court granted Defendants' request for attorney's fees relating to Plaintiff's § 1983 claim, but denied it in all other respects. The court also ordered that the taxable costs requested by Defendants in the amount of $3,912.60 were properly recoverable. (*See* 3/20/08 Order at 10.) Defendants were directed to submit a renewed itemization of attorney's fees and detailed supporting documentation in accordance with the court's opinion and order. Defendants have since complied with the court's order, and Plaintiff filed objections to the renewed itemization.

As the court stated in its March 20, 2008 order, after the court determines that fees are appropriate, the court must then arrive at a reasonable amount of fees to award. *See Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1400 (6th Cir. 1995). The "lodestar" approach is considered to

be the proper method for determining the amount of reasonable attorney's fees. *Id.* at 1401 (citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563 (1986)). In making the "lodestar" calculation, "[t]he most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* (alterations in original and citation omitted). When "the applicant for a fee has carried his burden of showing that the claimed rate and number of hours are reasonable, the resulting product is *presumed* to be the reasonable fee to which counsel is entitled." *Delaware Valley,* 478 U.S. at 564 (emphasis in original) (quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984)).

In the court's March 20, 2008, order the court directed Defendants to submit an itemization or a reasonably specific, good faith estimate of the percentage of time devoted to responding to Plaintiff's § 1983 claim. Consistent with this direction, Defendants have submitted an affidavit of Gary S. Fealk, in which he provides a specific breakdown of his estimate of the total time spent defending Plaintiff's § 1983 claim. He contends that he spent approximately 9.2 hours defending Plaintiff's claim. With his reasonable hourly rate of $205, the total amount requested is $1886, which is less than 2.5% of the fees requested in Defendants' original motion for attorney's fees. Plaintiff objects to this amount, but essentially argues that the court award *no* attorney's fees whatsoever.[1] Plaintiff has failed to file a motion for reconsideration of the court's March 20, 2008 order or, for that matter, provide any basis which would support a

---

[1]The court will ignore the parties' quibbling over the disclosure of their attempts to resolve this matter without court intervention. Their attempts have no bearing on the court's determination of the proper amount of attorney's fees.

reconsideration of that order.[2] Because the court finds that $1886 is a patently reasonable amount of fees related to the defense of the frivolous § 1983 claim, the court will accept counsel's good faith estimate. Accordingly,

IT IS ORDERED that attorney's fees are awarded against Plaintiff in the amount of $1886. As stated in the court's March 20, 2008 order, costs are also awarded against Plaintiff in the amount of $3,912.60.

          S/Robert H. Cleland
          ROBERT H. CLELAND
          UNITED STATES DISTRICT JUDGE

Dated: April 21, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 21, 2008, by electronic and/or ordinary mail.

          S/Lisa Wagner
          Case Manager and Deputy Clerk
          (313) 234-5522

---

[2] Eastern District of Michigan Local Rule 7.1(g) provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).